In our second case, United States v. Davis, No. 13-4280. Mr. Rogers, whenever you're ready. May it please the Court, Jimmy Rogers on behalf of Christopher Davis. Although the government, in its opposition to the defendant's motion to suppress, postulated several theories justifying the search and seizure of this bag in question, the District Court found, nonetheless, that Mr. Davis had abandoned the bag and, therefore, the search and seizure was proper. Mr. Davis, of course, contends that the District Court clearly erred when it made such a finding. Davis contends that the bag was not abandoned but was hidden and, therefore, he had an objective, reasonable expectation of privacy. If you look at U.S. v. Jones and U.S. v. Clemens, which sets out the test for abandonment, you will find that the courts have said several of the factors are the acts done by the defendant, the words spoken by the defendant, and other objective factors. Here in this case, you will see that by the actions of Mr. Davis, it was clear that he was attempting to hide the bag. If you look under a car in a big highway, yes, Your Honor, if you will look at the arrested by the police and there were no drivers of the car, right? Yes, but he had not been arrested. So the police had to cart the car away? Yes. And it wasn't reasonable to think that when they took the car away, they would see the bag? Well, I would submit that he was attempting to hide the bag. So, presumably, they would not have found the bag under any circumstance. Do we look at his subjective intent or the intent of an objectively reasonable person? Yes, Your Honor. Which one? The intent of a reasonably objective person. If you look at the dash cam video... Well, it's both, isn't it? I mean, an abandonment is simply another way of asking, did the person have a reasonable expectation of privacy? And to answer that question, you ask whether it was a subjective expectation of privacy and was it objectively reasonable? I do agree. It is both. Are you going to agree with everything Judge Mott says and everything I say? I don't know if you can get away with that. No, Your Honor. Well, we generally agree. But if you will look at the dash cam video, it is clear that Mr. Davis waited until the officers' view would be obstructed by the driver. The door opens very slowly. You don't see the bag being secreted, but you do see the door closed. We contend by those factors that, objectively, Mr. Davis was attempting to hide the bag. What's your best case on the fact? Smith v. Ohio, we think is close. Is that the Supreme Court case? Yes, Your Honor. Where they have that paragraph sort of about this? Yes, Your Honor. The procuring opinion? What happened in that case was the officer was attempting to question. Throwing it on the... And he threw it on the roof. And the court there said that citizens have a right to attempt to protect their private property from inspection. And we contend that's what Mr. Davis was doing here. Smith, as I recall, was actively guarding the bag here. I mean, your client simply left the bag by the side of the road. That's a different set of facts, isn't it? Well, as I recall, in Smith, he turned his back, threw the bag onto the car, and then turned back to confront the officer's questions. So we contend that's the same factual scenario. Both were attempting to hide the contents of the bag. The government had some other theories under which you would lose, too, didn't it? Well, we don't think so, Your Honor. Well, they had theories. They did have other theories. If they prevailed on, you would lose. Of course. You agree they had theories. You just don't think they're legitimate theories. They're merit. Merit. So maybe you might want to talk about some of them, too. Very well, Your Honor. Of course, the government's first theory was that it was a search incident and a lawful arrest. The cases have clearly said that the reason for allowing a warrantless search incident to an arrest is to protect the officer's safety from the defendant or suspect obtaining a weapon or to prevent the defendant from hiding contraband within the car. Within the car. I know of no case that says that you can search a bag that is not in a car, that's in proximity to a car. I found no cases that say that search would be based on probable cause or incident to arrest. Even if the bag that is adjacent to the car has the name on it, the same name as the defendant. And we contend that a warrant should have been obtained from a neutral and detached magistrate once the bag was found. I thought the government's argument was that probable cause developed at the time that the bag was in the car and that was enough to conduct the search. But the problem was that the probable cause, well, we don't believe the probable cause existed to search the bag, and this is why. In a normal, let's say, drug transaction case where an officer would observe a hand-to-hand transaction or a sale, it would be reasonable to assume that there's more drugs present. Here, there was some loose marijuana, presumably on the driver's lap. They found a partially smoked cigarette in the open container. We contend that there was no reason to believe that there was more marijuana present. Why not? Because the facts do not lend itself to that conclusion. Maybe not conclusively, but all we need is probable cause. More likely than not. But at the point, well, probable cause did not exist at the time the bag was hidden. Nobody was under arrest at that time, and the officers had not, in fact, even searched the car then. They searched the car later. And once it was determined that the open container and the marijuana was in the car, that's when the arrest occurred. So we contend that, clearly, he was trying to hide the bag. Probable cause would not exist. Probable cause ended, well, I'm going to say probable cause ended, but under the theory of search incident to arrest, we don't think that theory prevails because both defendants were taken away from the scene. What about search of the car based on probable cause that there's contraband in the car? We don't have a problem with the search of the car. Okay. Would a person, if the officer had observed him, toss the bag from the car? That's correct. Could the officer go over and pick up the bag? Yes, sir. We contend that that's correct. And on what theory would you suggest? Even if it had his name on it, Davis, do not enter. This is secret, private material. I'm asserting my Fourth Amendment rights. If the bag had all that on it, the officers could still get in it? I don't believe the officer, I believe the officer still would have had probable cause. And what's the basis for your answer? Because he saw him throw the bag. Well, wait a minute. No, seeing somebody throw a bag is not probable cause to search a bag. It relates to the fact, does it not, that the bag is in the car and there's probable cause to search the car. And under Acevedo, you can search any container in a car that might contain the contraband for which there's probable cause to search the car. Correct. You agree with all of that? Yes. So, observing an occupant of the car toss an item, whether it's a bag or a shaving kit or a jacket or a woman's purse or a man's purse or a briefcase, anything you find in the car, that item doesn't lose the toxicity of the probable cause from being in the car, right? That's what you're agreeing to. But I would contend that the officer's act of observing him throw the bag gives him level. So the question in this case is when they lifted that car to tow it away, was there a reasonable basis to believe that that item that they found there on the ground, which had been hidden by the car, actually came out of the car in connection with the stop? There's no way to know that. Well, you don't have to know. You simply have to have reasonable cause to believe, right? But the fact that the name was on the bag. And they knew his name by then, right? They did. By the time they lifted the car and found the bag, they knew Mr. Davis's name. That's correct. That's pretty connecting. That's connecting tissue, isn't it? But there was no reason we contend to believe that there was contraband in the bag at that point. Well, but. Because we. Did he have to have reason to believe there's contraband in the bag separate from a belief that there's contraband in the car? You just agreed with me, I thought, that if there's a reasonable belief that there's contraband in the car, and there clearly was, because they saw the marijuana in the car, now they can search everything, right? The glove compartment, the console. They can't search the trunk. It wasn't. Oh, why can't they search the trunk? Because. I think you're mixing, honestly, I think you're mixing Belton and Acevedo. Very well, Your Honor. And Belton, of course, is no longer applicable generally, although even under Gantt, this would be a proper search incident to an arrest of the car, because there was probable cause to arrest him for possession of narcotics. But the rationale for search incident to arrest is to prevent evidence from being destroyed. Okay. And that was not present. That's fair. The defendants were nowhere on the scene at that point. So your submission is that they could seize the bag, perhaps. They could seize the bag. But they had to take the bag to a magistrate or a judge and get a search warrant to open the bag. That's our contention. That's your contention. Yes. The government's other position was that it was an inventory search. We contend. Right. And there was inevitable discovery. Inevitable discovery. Clearly, it wasn't an inventory search, because the officer had indicated she was looking for evidence. That the previous officer had told her they thought marijuana was afoot, and that was the reason that she looked into the bag. We contend that the search would fail on that ground, because it clearly would not be an inventory search. What about inevitable discovery? They cart the car away, and there's the bag. But at that point, there was no basis to conclude that there was anything of criminal nature in the bag. Well, it was underneath a car which had had people that they had taken in because they had probable cause to arrest them. But because they hadn't seen him put the bag there, they had no reason to know where the bag came from. The bag, as you know, had his name on it, the person that they took away. So they have a connection. Even though the bag had his name on it, we contend that there was still no reason to believe that the bag contained contraband. They had searched the car, they found marijuana on the driver's lap, and they found marijuana in the cup. So we contend that because it was not a sales situation, it was not probable cause to believe that there was more drugs afoot. They were in the car smoking a blunt, and that was it. They didn't see a bag. They didn't see him hide the bag. And once the bag was discovered, our contention is a neutral and detached magistrate should have concluded that probable cause existed to search the bag. Okay, thank you. I think we understand your position. Very well. We're here at the Government House. Good morning. May it please the Court. I'm Robert Daly on behalf of the United States. This is a clear-cut case of abandonment. You know, I don't disagree with you, except there is that Supreme Court case that this looks pretty close to. The Smith case. Maybe it's no longer good law. I mean, who knows how the Supreme Court today would... I did notice that Justice Marshall said, I don't like these summary dismissals because you don't get a full record and we do these summary reversals. In that dissent, he actually says that. And it is interesting because it's such a short snippet of the facts. But there it is. But there it is. And so, there's probably three ways to look at Smith and why it's not controlling. One is, it's substantively, qualitatively different if an officer comes up to me and I toss a bag on top of the trunk of my car. I haven't... It's still with my car. I haven't tried to put it somewhere out of the way. I mean, I'm still there in the... This case is stronger than Smith on those grounds. Under, you're hiding it. The whole idea is you're asserting your right to privacy rather than throwing it out for God and everyone to see it. Well, I guess it's a double-edged sword. It could go either way because he still has it right there. He hasn't let go of his property rights if it's still there on his car. What would a reasonable person have done with this bag in order to hide it from the police under the circumstances that existed at the time of the traffic stop and not abandon it? I think it'd be... If you notice, there's no case law that he's going to find where that... But my question to you is, what would a reasonable person intent on hiding this item from law enforcement have done under the circumstances of the traffic stop in this case? To not abandon it? No, to hide it, protect the existing expectation of privacy. The scenarios that come to mind, the cases suggest you put it under the seat, which... You really think a reasonable person would have left it in the car? Well, no. I mean, I'm just telling you the case law, what people have done. I'm not asking you about the case law. I'm not asking you about the case law. I'm asking you what would a reasonable person have done to hide these items from a law enforcement officer making a traffic stop of a vehicle, a rented vehicle, in which neither the driver nor this passenger apparently had the right to even have the vehicle. They didn't even have the documents showing that they were properly in possession of the vehicle. Correct. So what would a reasonable person have done under those circumstances to hide this item? They'd throw it out the window as far as they could, or they'd try to throw it under the car, as it was done here. I lack imagination because I have not found myself in this scenario before, but perhaps there's other ways. You know, some try to eat it. So your position comes down to, they're stuck. They either leave it in the car or they abandon it. Because your argument is, any effort to get this item out of the car is an abandonment as a matter of law. That seems to be your position. I can't right now think of a scenario where that wouldn't be the case. If they're trying to secret it away. Right. So you can't secret contraband from law enforcement when you're in a rental car that you don't have the papers for. You cannot do that. It's a matter of law. A matter of constitutional law. You either leave it in the car and let them find it in the car, or anything else you do is going to constitute an abandonment. And you give up your expectation. I can't think of a scenario where that's probably not going to be the case. This case is a little stronger, though. And I want to focus you on the court's decision at pages 4 and 5, where the court focuses on the fact that when a defendant disclaims ownership of it, of the bag, When did he do that here? By hiding it? If you look in the video, at about 1 hour, 2 minutes, and approximately 40 seconds, the police officer comes up and says, Hey, we found this bag. What's the deal with this bag? The defendant says, Bag? I don't know a bag. I don't know anything about a bag. So you're saying he abandoned it at that point? Not when he hit it? No, I'm saying that it's further... Wait a minute. If you're going to rely on the officer's interrogation of him, an hour later, I didn't know you would... I didn't understand that to be your argument. I'm not relying on that, but that is further... But you just did. You're in a world argument. But it's further evidence... You're saying it confirmed the abandonment. Exactly, Your Honor. Here's the thing. There are so many different ways... Had they already searched the bag at that point? They had, Your Honor. Of course. Most remarkably, after they had searched it, and then he said, by the way, I found your ID inside the bag. His response, Oh, I lost my ID 4 or 5 months ago. I went down to the highway department. Bootstrapping work, if you can get it. That's all I can say. You invade somebody's 4th Amendment rights, assuming they exist. An hour later, you come and interrogate him. By the way, was he Mirandized? He was. He was Mirandized. Then he's questioned about the bag, and you want to bootstrap an invasion of a privacy interest an hour earlier by what he says an hour later, denying any ownership. And yet, you say here in oral argument, No, I'm not really relying on that in response to Judge Mach. That just confirms what we think to be true from him hiding the bag under the car in the first place. It's further evidence that it was objectively not reasonable. He was getting rid of the bag. We've had cases, I've had cases,  in which law enforcement officers didn't arrest a person in a car under these circumstances. Right? So he hid the bag before he was arrested. No question about that. And in fact, he hid the bag according to the argument here. He hid the bag before the officer even developed probable cause to arrest him. Would you agree with that? No, he had already smelled the marijuana and viewed the marijuana leaves on the driver's lap. He saw that the first minute or two. The bag gets put underneath, the court found, at about the 13 minute mark of the video. So there's already probable cause, Your Honor. But not yet an arrest. There was not yet an arrest. He was waiting for backup to come. And you'll see right at about the 13 through 14, 15 minute mark, he pulls the driver out, the backup arrives, the door, the passenger door opens up for about 8 seconds and then... And was the arrest based on Pringle? Essentially? In other words, the idea that you can arrest everybody in a car if you find a marijuana cigarette in the car? Well, the arrest of Mr. Davis was could be both that and the open container. The open container with the roach in the car. He had a, what did he have, a beer? Well, he had a bottle of Grey Goose vodka and then two cups that had the alcohol and they both admitted it. And in one of those cups was a leftover roach. Marijuana roach. Can I ask you to go back? You were in the middle of distinguishing or trying to distinguish the Supreme Court case. Right. And you said you first said the first factual thing, which I think goes... He wasn't trying to get rid of the bag, would be the he was simply placing it to the side because the officer was addressing him. At least that certainly is one way to look at it. In the Supreme Court case? He threw it over his shoulder. But he tossed it on the hood of the car. Right, on the hood of a car. And as I say, in front of God and everyone, this man at least put it under so it was covered in some fashion. Okay, so that's your first distinction. But I mean... But I thought you said there were three grounds. I understand that one. I'm not sure. Okay. When you don't toss it out of the way, if everyone still sees it, you haven't abandoned it, is my point. That's the first one. The second one is unlike the Smith case, here, there's no... And I know Judge Davis doesn't like the fact this happens afterwards, but he says it's not my bag in this case. That was not the case in Smith. In fact, didn't he actively object to the search of his bag? Excuse me? Didn't he in Smith... Yes, he was... I don't know if it was a struggle, because again it's a summary disposition, but it appears that the police officer pushed him out of the way. So he's asserting some ownership of that, of the bag while that struggle's happening. Then the third thing is, we find ourselves in a different place in this case. In Smith, the Ohio court had already found there was no abandonment. Whereas here, we have the district court having found abandonment. Up to the state, so there'd been a finding. Right. And the Supreme Court just agreed with the... In some ways, I don't want to say that it was identical to here, but where there wasn't a clear error in finding that. Again, it was an alternative ground that just was thrown in. The state did not... Ohio didn't have a good argument for the primary issue that was before the Supreme Court in that case. Anyway, it's a peculiar case. When I came across it, I saw it as a peculiar case. It appears to still be... It's not been overruled. Okay, so moving on. By chance, abandonment didn't persuade us. Do you lose... Yeah. This felt like a law school exam as I was going through the possibilities. Standing, the Wellins case... Excuse me. ... The Wellins case, and a couple of cases since them, have clearly held that Wellins, I think, was actually a rental car that both the driver and, in this case, even more attenuated, the passenger of a car that's a rental car to which you are not authorized to drive or be in. So you don't have a reasonable expectation of privacy. You don't have standing. You just don't have standing. Of course, this isn't found in the car. Well, and that's where I think the factual finding that has not been attacked, that the judge says it was in the car at the time. And as I believe Judge Davis said, the probable cause arose while the bag was in the car. And so, are we to say that you can circumvent U.S. v. Ross and the Wyoming Supreme Court case where you're allowed to search all those containers within it, within the vehicle, at least within, at a minimum, the passenger. I think it's the whole car, but the passenger part of the car. You can't defeat that by tossing... I mean, literally, under that theory, if you toss a bag out of the car, apparently that then falls outside of... I don't know how you can... In fairness, I think the defendant wouldn't make the distinction between if the officer saw you toss these things, and nobody saw him toss. Right. But there is that factual finding that the district court said it was in there and it was secreted out, thrown under the car. The whole basis for standing is that you don't have any reasonable expectation of privacy given the circumstances. But if the bag is, in fact, outside of the vehicle, doesn't that change the calculus? If it had originally been outside there, yes, I think so. But if the whole point is that you're allowed probable cause allows you to search everything within there, and because of the mobility of a car, well, if a car is mobile, and we want to allow for that kind of search, certainly a bag that is attached to the car or that was originally in the car, it is at least as mobile if not more mobile than a vehicle would be for anybody to snatch and grab. Which I do think, I mean, we do agree I think at one point, yeah, I mean, in the best case scenario, or I think as Judge Harwell found, if fate, if the stars had aligned, he was going to either not get arrested or get arrested and double back a little bit later and get the bag. But this court, and I know that But perhaps call somebody and have them correct. In fact, in that phone call, again, I know it's later after, he's talking to his either wife or girlfriend about, all right, now, if you go and get the car, and they ask you about the bag and any guns that are in there, you say, look, my ID got stolen, and those guns, I don't know if they were, you know, he said. It seems to support an expectation of privacy. Well, it certainly supports. It may be objectively unreasonable, but it certainly had a subjective expectation of privacy. This is a factually interesting case. There's no doubt about that. So, the standing would be a ground for affirmance. It appears in the record, and even if the court, district court, didn't rely on it, this court in a number of instances have said you can affirm on any basis. The probable cause that arose from smelling the marijuana and viewing the marijuana created the ability to search the vehicle and any containers therein, and we would argue that this was a container therein that was thrown out, but still allowed for the search of it. And then the inevitable discovery, I think, is the one, in the end, let's just all stop for a moment. A police officer on the side of a busy highway. The car is rolled up onto the tow truck. Let's say that there hadn't been an arrest, and there's just a bag sitting there. What is a police officer to do? Because in the instance where they just, they tow away an abandoned car, right? There's the bag. What are they to do? They wouldn't even be able to get, what would a magistrate, they'd say, what are you coming to me to get a warrant for a bag on the side of the road? Open it up and figure out what's in it and whose it is. I mean, in the end, that would all, assuming everything else didn't allow for the search of the bag, inevitable discovery certainly would. I think we understand your argument. Thanks very much. Mr. Rogers, do you have any rebuttal? All right. We are going to ask the clerk to adjourn court and then we're going to come down and greet the lawyers and then we have some visitors with us and we thought we would come back here on the bench and right away and answer any questions you have that we want to answer. So no questions about the cases that we've just heard. Okay. We'll ask the clerk to adjourn court. This honorable court stands adjourned. Signed is I. God save the United States and this honorable court.
judges: Diana Gribbon Motz, Albert Diaz, Andre M. Davis